IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

CAREY A. FORTSON,                          *

    Plaintiff,                         *

vs.                                        *
                                              CASE NO. 3:13-cv-51 (CDL)
COLUMBIA FARMS FEED MILL; ROBERT *
C. JOHNSON; BARRY CHRONIC;
MICHELLE CARLSON; and MELVIN    *
DUTTON,
                                           *
    Defendants.
                                           *
_____
                                           *

O R D E R

Plaintiff Carey A. Fortson ("Fortson"), proceeding *pro se*, asserts employment discrimination claims against his former employer and its supervisory personnel, claiming that he was discriminated against based upon his race, gender, and age. These claims arise under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), 42 U.S.C. § 1981 ("§ 1981"), and the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*, ("ADEA"). Plaintiff also alleges state law claims for negligent supervision and intentional infliction of emotional distress ("IIED"). Presently pending before the Court is Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint (ECF No. 19). Defendants contend that Fortson's Second Amended Complaint ("Complaint") should be dismissed because (1) Fortson's Equal

Employment Opportunity Commission ("EEOC") charge was untimely filed; (2) the Complaint fails to state a claim upon which relief can be granted; (3) there is no such entity as "Columbia Farms Feed Mill"; (4) Defendants Johnson and "Columbia Farms Feed Mill" have not been served; and (5) Defendants Carlson, Cronic, and Dutton were not Fortson's employers and thus cannot be liable.

For the reasons set forth below, the Court dismisses Fortson's Title VII claims, Fortson's ADEA claim, and Fortson's gender discrimination claims. The Court permits Fortson's § 1981 racially hostile work environment and state law claims to go forward. The Court also grants Fortson's motion to amend his Complaint to correct the name of Defendant Columbia Farms of Georgia ("Columbia Farms") (ECF No. 23), and orders Fortson to file proof of service of his Complaint on all Defendants who have not been dismissed. Such proof of service shall be filed within thirty days of today's Order. If Fortson does not timely file a proof of service as to the Defendants who have not been served, the Court will dismiss his claims as to those Defendants.

FACTUAL ALLEGATIONS

Fortson was employed by Columbia Farms as a loader in its feed mill. Columbia Farms terminated Fortson's employment on July 27th, 2012 because Fortson was allegedly caught sleeping on

the job.  Fortson, who is African-American, alleges that during his employment with Columbia Farms he was subjected to a racially hostile work environment.  2d Am. Compl. 5-8, ECF No. 11. Fortson claims that his coworkers yelled at him, cursed at him, and called him racial epithets twenty-one times over a ten-month period. *Id.* He alleges that these acts caused him severe emotional distress and interfered with his ability to do his job. *Id.* at 8, 11-12.  He also alleges that he reported this harassment to a manager for Columbia Farms but obtained no relief. *Id.* at 2, 8.  He also claims that the managerial employees were not properly trained to respond to complaints of discrimination and harassment. *Id.* at 10. Finally, Fortson contends that he was subjected to a pattern of race discrimination that was extreme and outrageous. *Id.* at 11.

On February 12, 2013, Fortson filed a Charge of Discrimination with the EEOC. Compl. Attach. 1, Charge of Discrimination, ECF No. 1-1 [hereinafter EEOC Charge].  In his charge, Fortson alleged discrimination based on his race (African-American) and age (fifty-one years) in violation of Title VII and the ADEA.  Notice of the charge was mailed to Columbia Farms on February 15, 2013, and Fortson received a Notice of Right to Sue from the EEOC on February 26, 2013. Compl. Attach. 2, Dismissal & Notice of Rights, ECF No. 1-2. Fortson initiated this action on May 9, 2013.

MOTION TO DISMISS STANDARD

When considering a 12(b)(6) motion to dismiss, the Court must accept as true all facts set forth in the plaintiff's complaint and limit its consideration to the pleadings and exhibits attached thereto. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). The complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[A] formulaic recitation of the elements of a cause of action will not do[.]" *Id.* Although the complaint must contain factual allegations that "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims, *id.* at 556, "Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because 'it strikes a savvy judge that actual proof of those facts is improbable,'" *Watts v. Fla. Int'l Univ.,* 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly,* 550 U.S. at 556).

DISCUSSION

## I.  Fortson's Title VII Claims

Fortson alleges that his employer, Columbia Farms, and its supervisory personnel subjected him to gender and race discrimination in violation of Title VII.  A plaintiff proceeding under Title VII must comply with procedural requirements enumerated in the statute, including the duty to exhaust administrative remedies as a prerequisite to filing suit. 42 U.S.C. § 2000e-5; *H&R Block E. Enters., Inc. v. Morris*, 606 F.3d 1285, 1295 (11th Cir. 2010).  "Failure to file a timely charge with the EEOC results in a bar of the claims contained in the untimely charge." *Jordan v. City of Montgomery*, 283 F. App'x. 766, 767 (11th Cir. 2008) (per curium). In Georgia, a discrimination charge must be filed "within 180 days of the last discriminatory act." 42 U.S.C. § 2000e-5(e)(1); *H&R Block*, 606 F.3d at 1295.  Fortson's EEOC charge, which is dated February 5, 2013 and was received by the EEOC on February 12, 2013, states that his employment was terminated on July 27, 2012, and that is the last possible discriminatory act. EEOC Charge 1. Fortson needed to file his EEOC charge within 180 days of the latest alleged act of discrimination, July 27, 2012. Therefore, Fortson's EEOC charge was due on or before January 23, 2013. Fortson's EEOC charge is dated February 5, 2013 and was not

received by the EEOC until February 12, 2013.  Fortson's Title VII claims are thus time-barred, and they must be dismissed.

To the extent that Fortson attempts to assert Title VII claims against any of the individual Defendants, those claims must be dismissed because individuals cannot be held liable under Title VII unless they meet the definition of "employer," and Fortson did not allege any facts to show that the named individuals meet that definition. *Dearth v. Collins*, 441 F.3d 931, 933 (11th Cir. 2006) (per curium).  Accordingly, all of Fortson's Title VII claims are dismissed.

## II.  Fortson's ADEA Claim

Construing the Complaint liberally, Fortson asserts a claim under the ADEA for age discrimination.  A plaintiff bringing suit under the ADEA is subject to the same exhaustion requirements as under Title VII. *Kelly v. Dun & Bradstreet Corp.*, 457 F. App'x. 804, 805 (11th Cir. 2011) (per curium). Therefore, Fortson's ADEA claim must be dismissed.

## III. Fortson's § 1981 Claims

Fortson arguably attempts to allege race and gender discrimination claims pursuant to § 1981.  2d Am. Compl. 8-9. Section 1981, however, "proscribes race, and not sex, discrimination." *Hayden v. Atlanta Newspapers*, 534 F. Supp. 1166, 1168 (N.D. Ga. 1982).  Accordingly, Fortson has failed to state a claim under § 1981 for gender discrimination.

The thrust of Fortson's § 1981 race claim is that he was subjected to a racially hostile work environment.  "Hostile work environment claims under section 1981 are based upon the wording of 42 U.S.C. § 1981(b)," which "Congress specifically amended . . . so plaintiffs could bring hostile work environment claims under that statute as well as under Title VII." *Shields v. Fort James Corp.*, 305 F.3d 1280, 1282 (11th Cir. 2002).  To establish this claim, Fortson must prove that "'the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" *Harrington v. Disney Reg'l Entm't, Inc.*, 276 F. App'x. 863, 875 (11th Cir. 2007) (per curium) (quoting *Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1275 (11th Cir. 2002)).  Fortson must show that: (1) he belongs to a protected group; (2) he has been subject to unwelcome harassment; (3) the harassment was based on a protected characteristic; (4) the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment; and (5) the employer is responsible for such environment under either a theory of vicarious or direct liability. *Id*.

The Court finds that Plaintiff has sufficiently alleged a claim under § 1981 arising from an alleged racially hostile work

environment against Columbia Farms and its manager, Dutton.[1] Accordingly, Defendants' Motion to Dismiss that claim is denied as to Columbia Farms and Dutton.

## IV.   Fortson's State Law Claims

### A.   Negligent Supervision Claim

Fortson alleges negligent supervision claims against Columbia Farms. "A claim for negligent . . . supervision brought pursuant to Georgia law arises when an employer negligently . . . supervises an employee and that employee subsequently harms the plaintiff." *Farrell v. Time Serv., Inc.*, 178 F. Supp. 2d 1295, 1300 (N.D. Ga. 2001). The plaintiff must allege and prove "that the employer 'knew or should have known of the employee's propensity to engage in the conduct which caused the plaintiff's injury.'" *Id.* (quoting *Harper v. City of East Point*, 237 Ga. App. 375, 376, 515 S.E.2d 623, 625 (1999)). Fortson alleged that he was verbally harassed by coworkers and that Columbia Farms failed to train its supervisors adequately on how to prohibit and respond to such harassment. 2d Am. Compl. 5-8, 10-11. While Fortson's allegations in support of this claim are arguably conclusory, the Court finds that his

---

[1] A supervisor, who contributes to the hostile environment and does nothing to correct it, may be liable under § 1981 in addition to the employee's actual employer. *See Bryant v. Jones*, 575 F.3d 1281, 1294-1297 (11th Cir. 2009) (setting forth the elements required to prove a § 1981 hostile environment claim and analyzing claim in the §1983 context as to a county's Chief Executive Officer and his three assistants in their individual capacities).

allegations, as a *pro se* litigant, are enough to avoid dismissal at this stage.

### B.   IIED Claim

To establish a claim for IIED, a plaintiff must allege facts showing intentional or reckless conduct that is extreme and outrageous and causes severe emotional distress. *Tomczyk v. Jocks & Jills Rests., LLC*, 269 F. App'x. 867, 870 (11th Cir. 2008) (per curium). Fortson alleges he was subject to pervasive harassment that constituted "extreme and outrageous conduct" causing him "severe emotional distress." 2d Am. Compl. 11-12. He recites twenty-one instances of verbal abuse to support this claim and asserts that the supervisory employees did nothing to stop it despite his complaints. 2d. Am. Compl. 5-8. Considering Fortson's *pro se* status, he has alleged sufficient facts to allow this claim to go forward.

### CONCLUSION

Defendants' Motion to Dismiss (ECF No. 19) is granted in part and denied in part. To the extent Fortson's Complaint alleges discrimination under Title VII and the ADEA, those claims are untimely and are dismissed. Fortson has also failed to state a claim for gender discrimination under § 1981 and that claim is dismissed. Fortson's § 1981 claims for a racially hostile work environment against Columbia Farms and Dutton and

Fortson's state law claims for IIED and negligent supervision remain pending.

Plaintiff shall serve any Defendant that has not yet been properly served with Plaintiff's Complaint within thirty days of today's Order.  If service is not accomplished in that time, Defendants may file a renewed motion to dismiss for lack of proper service.


IT IS SO ORDERED, this 23rd day of September, 2013.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE